JOSEPH L. PROCTOR vs. JOHN B. PROCTOR.

Worcester.    September 30, 1902. — January 7, 1903.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Joint Tenants and Tenants in Common.    Waste.*

Under Pub. Sts. c. 179, §§ 6, 7, a tenant in common of a wood lot can recover from
a cotenant, who has cut and carried away wood from the lot without giving
notice to the plaintiff, three times the amount of the damage to the whole lot,
irrespective of the amount of the plaintiff's interest, the damage to be appro-
priated as provided in § 7, one half to the plaintiff and the other half to all
other cotenants except the defendant.

TORT under Pub. Sts. c. 179, §§ 6, 7.   Writ dated March 27,
1901.

In the Superior Court *Bell*, J. found and ruled as stated in the
opinion, and reported the case for determination by this court.

*P. F. Ward*, for the defendant.

*A. M. Levy*, for the plaintiff.

MORTON, J.   The plaintiff and defendant and one Haynes
were the owners as tenants in common of a wood lot in Lunen-
burg in Worcester County.   The plaintiff owned one undivided
seventh, the defendant five undivided sevenths, and Haynes the
remaining seventh.   One Shumway acting under the authority
of the defendant entered upon the wood lot, and cut and carried
away wood and timber to the value of $175.   There was no
evidence that the defendant or any one on his behalf had given
notice at any time to the plaintiff or the other cotenant of his
intention to cut and remove said wood and timber.   This
action is brought under Pub. Sts. c. 179, §§ 6, 7, (R. L. c. 185,
§§ 4, 5,) to recover the statutory damages provided in such a
case.   At the trial, which was by the judge without a jury, the
defendant admitted liability but contended that the damages
recoverable were three times the amount of the damage done to
the plaintiff's undivided seventh.   The plaintiff contended that
the damages should be assessed at three times the amount of the
damage done to the whole estate.   The judge ruled and found
in accordance with the plaintiff's contention and from this ruling
and finding the defendant appealed and the presiding judge at

his request reported the case for the determination of this court. If the finding is correct judgment is to be entered for the amount assessed by the court, otherwise for three times the damage to the plaintiff's undivided seventh, or such other judgment is to be entered as justice may require.

We think that the ruling and finding were correct. The statute under which the action is brought provides so far as material to this case as follows : "If a joint tenant, coparcener, or tenant in common of undivided lands cuts down, destroys, or carries away any trees, timber, wood, or underwood standing or lying on such lands . . . without first giving thirty days' notice in writing under his hand to all the other persons interested therein, or to their respective agents or attorneys, of his intention to enter upon and improve the land, . . . he shall forfeit three times the amount of the damages that shall be assessed therefor, to be recovered and appropriated as provided in the following section." Pub. Sts. c. 179, § 6. Section 7 provides that the damages may be recovered in an action of tort by one or more of the other cotenants without naming any one except the plaintiff and one half shall be appropriated to the persons who sue and the other half to the same persons with all the other cotenants except the defendant to be divided amongst them in proportion to their respective interests in the land.

It is plain we think that the damages to be assessed are the damages done to the lands as a whole and without regard to the amount of the plaintiff's interest. The statute evidently contemplates but one action and one assessment of damages and makes provision for the division of the damages so recovered. There is nothing which limits the right of recovery to three times the damage done to the plaintiff's undivided interest. The provision for the exclusion of the defendant from any share in the damage goes to show that the damages are to be assessed in regard to the whole land. There would be no need of such a provision if it was the purpose of the statute that only damages to the plaintiff's interest should be assessed. The fact that there may be under this construction of the statute, as the plaintiff points out, a very great disproportion between the amount of the damage actually sustained by a plaintiff and the amount which he recovers is far from being conclusive against such a

construction. The statute was intended to prevent strip and waste by tenants in common, and with that purpose in view, imposes and was intended to impose, a severe penalty upon a tenant who entered and cut and removed wood and timber or committed any other strip or waste without giving notice as required to his cotenants. The construction which we have adopted has been given in Maine to a statute almost identical with ours. *Hubbard* v. *Hubbard*, 15 Maine, 198.

*Judgment on finding.*